## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAULETTE A. MASHBURN,

          *Plaintiff,*

v.                                       Civ.  No. 03-747 JH/RLP

ALBUQUERQUE POLICE DEPARTMENT,
CITY OF ALBUQUERQUE, CHIEF GIL GALLEGOS,
in his official and personal capacities, DEPUTY CHIEF
SCHULTZ, in his official and personal capacities,
LT. STEVEN TATE, in his official and personal capacities,
SGT. T. PARKINS, in his official and personal capacities,

          Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Plaintiff's Motion for Reconsideration Of Memorandum Opinion And Order And Final Judgment* [Doc. No. 72] and *Defendant's Motion To Tax Costs* [Doc. No. 73].  After a careful review of the briefs, the law, and the facts, the Court concludes that Plaintiff's motion to reconsider should be denied, and Defendants' motion to tax costs should be granted in part and denied in part.

## I.     MOTION TO RECONSIDER

A motion to reconsider filed within ten days after entry of judgment is considered a motion under Rule 59(e).[1] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

---

[1]Although Plaintiff filed her motion to reconsider outside of the 10-day period set forth in Rule 59(e), she made a timely request for an extension of time that was unopposed by the Defendants and granted by the Court.

*See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243.  In her motion, Plaintiff makes several new arguments and presents new evidence (including her own affidavit), all of which it appears she could have brought before the Court initially during briefing of the motion for summary judgment rather than in a motion to reconsider.   The Court could deny the motion to reconsider on those grounds alone.  However, even when considered on their merits, none of those arguments or new evidentiary materials changes the outcome of the case.

First, Plaintiff argues that she has suffered an adverse employment action because the charge against her for violating standard operating procedures was initially sustained, and a notation of such was made in her personnel file.  Although the notation was crossed out, it was not entirely obliterated and Plaintiff contends it might be read by future supervisors and employers.  From this, Plaintiff relies upon dicta in *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) to argue that the crossed out (but still legible) notation constitutes an adverse employment action.  The court in *Robinson* speculated that a notation in an employee's personnel file "could be" sufficiently concrete to constitute an adverse employment action, although there was no such notation at issue in *Robinson*. *Id.* at 1298.  Furthermore, *Robinson* does not address the question of whether a notation in an employee's personnel file that has been crossed out but not entirely obliterated rises to the level of an adverse employment action.  Finally, the notation in Plaintiff's file does not exist in a vacuum, but must be viewed in light of the September 5, 2002, memorandum from the Chief of Police exonerating

her from any charge of wrongdoing, which is also in her personnel file.

Next Plaintiff argues that if she is forced to undergo retraining, that will constitute an adverse employment action because she will not be compensated for that time and therefore will suffer a loss of pay. The basis for this argument is Plaintiff's recent affidavit, submitted for the first time with her motion to reconsider, in which she says it is her "understanding" that she would not be compensated for time spent in retraining. It is not clear from Plaintiff's affidavit that she has any personal knowledge whatsoever regarding the City's policies or applicable labor laws that may govern the question of whether she would be paid for time spent in retraining. Defendants respond with the affidavit of Mary Beth Vigil, a management analyst and former personnel officer for the Albuquerque Police Department who does possess personal knowledge of the City's policies governing payment of police officers for training time. Ms. Vigil testifies that as a non-exempt employee, Plaintiff will be paid for time spent training regardless of whether it occurs during or outside her normal duty hours. Therefore, there is no *genuine* issue of material fact on this issue.

Third, Plaintiff argues that because the charge against her was initially sustained, it "could have" affected her ability to take the sergeant's exam, which is an adverse employment action. This argument fails for several reasons. As support for this claim, Plaintiff relies upon a Police Department memorandum, which provides that participants wishing to take the exam "must have no sustained disciplinary action *resulting in suspension* within the last twelve (12) months...", and that any *suspension* within the previous two years may act as a disqualifier. (emphasis added). It is undisputed that this bar does not apply to Plaintiff, because at no time was she ever under suspension. Furthermore, Plaintiff has presented no evidence that, but for the fact that the charge against her had been initially sustained, she would have taken the sergeant's exam. In fact, the evidence is to the

contrary, because Plaintiff testified in her deposition that she is not interested in receiving a promotion and does not apply for promotions. Simply stated, the only barrier to Plaintiff's taking the exam has been her own reluctance to do so.

Plaintiff's final argument is that her job as a police officer is "materially different" from other jobs such that the Court should apply a different standard when evaluating whether she has suffered an adverse employment action.  Plaintiff contends that when a police officer loses confidence in herself or loses the confidence of her fellow officers, that loss will adversely affect her career and perhaps even lead to her injury or death.  Not only is her argument highly speculative, but also Plaintiff has cited no precedent in support of her position, and the Court is not persuaded that it has misapprehended controlling law.  In fact, a recent decision from the Tenth Circuit belies Plaintiff's argument.  In *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1314 (10th Cir. 2005), the court held that there had been no adverse employment action against a female police officer who had not received backup from other officers, had endured an angry outburst by a lieutenant during an internal affairs investigation, and had been generally ostracized by other officers. By contrast, the court did find that a transfer to another department, the police academy, was an adverse employment action. *Id*.  The Tenth Circuit explained the distinction, stating,

> An adverse employment action "must be materially adverse to the employee's job status.... The adverse action must amount to a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."

*Id*. (quoting *Meiners v. University of Kansas*, 359 F.3d 1222, 1230 (10th Cir.2004) (internal quotations and citations omitted)).

Furthermore, Plaintiff's own subjective loss of confidence is immaterial to whether Defendants

4

have subjected her to an adverse employment action.  Whether a disciplinary action by an employer rises to the level of an adverse employment action is measured by an objective standard, rather than the employee's subjective reaction to the discipline.  *See Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 23 (1st Cir. 2002); *Cullom v. Brown*, 209 F.3d 1035, 1041 (7th Cir. 2000); *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1453 (11th Cir. 1998).  "[T]he loss of prestige or self-esteem felt by an employee who receives what he believes to be an unwarranted job criticism or performance review will rarely—without more—establish the adverse action necessary to pursue a claim under Title VII's anti-discrimination clause."  *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1242 (11th Cir. 2001).

The Court cannot ignore Tenth Circuit precedent based upon the bare and unsupported policy arguments advanced by the Plaintiff.  The motion to reconsider will be denied.

## II.   MOTION TO TAX COSTS

In their motion, Defendants request that the Court award them $4,265.90 in taxable costs. Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Thus, "Rule 54 creates a presumption that the district court will award the prevailing party costs."  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  The burden is on the non-prevailing party (Plaintiff, in this instance) to overcome this presumption. *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995).  In *Cantrell*, the Tenth Circuit noted that other circuits have held that a district court may decline to award costs when the prevailing party acted in bad faith, the prevailing party received only nominal damages, the non-prevailing party was indigent, the issues

were close and difficult, or the costs were unreasonably high or unnecessary. *See id.* (citations omitted). When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial. *Id.  See also AeroTech Inc. v Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997).

The foregoing represents the standard used by the Tenth Circuit in reviewing awards of costs in this circuit, and therefore it is the standard that this Court is duty-bound to apply.  Plaintiff urges the Court to apply standards set forth in New Mexico state court opinions and to deny costs to Defendants on the grounds that this was a non-frivolous case brought by the Plaintiff in good faith. The Court does agree that Plaintiff brought this case in good faith.  However, under the law of this circuit the good faith of the Plaintiff, who is the non-prevailing party in this case, is not a factor that this Court may consider in its decision regarding whether to award costs.

Similarly, Plaintiff urges the Court to consider the financial hardship to her and to not award costs on those grounds.  However, Tenth Circuit law permits the Court to consider the *indigent* status of the non-prevailing party when awarding costs[2]; the applicable standard is not whether an award of costs will cause Plaintiff financial hardship.  On the record before the Court, it does not appear that Plaintiff is indigent.  Even if Plaintiff were to qualify as indigent, the denial of costs is "in the nature of a severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Here, Plaintiff has offered no reason to penalize Defendants in that manner.

In this case, the lion's share of the costs sought by Defendants are court reporter's fees for

---

[2] Indeed, courts have upheld awards of costs against indigent parties.  *See Johnson v. Oklahoma ex rel. Univ. of Oklahoma*, 2000 WL 1114194 at **3 (10th Cir. Aug. 7, 2000) (citing cases).

deposition transcripts.  Local Rule 54.2(b) provides that these costs are taxable when the deposition is "reasonably necessary to the litigation."  The Local Rules further define that term, finding that a deposition is reasonably necessary to the litigation when (1) a substantial part of the deposition is admitted into evidence or used at trial for impeachment purposes, (2) the deposition is used by the Court in ruling on a motion for summary judgment, or (3) if the Court so determines.

In this case, several of the depositions for which Defendants seek to recover costs were taken in a different (but related) case, *Paloni v. City of Albuquerque*, Civ. No. 03-513 BB/ACT, which was pending before Judge Bruce Black.  Plaintiff argues that because those depositions were taken in a different case, Defendants should not be permitted to recover their cost in this litigation.  The Court agrees.  This conclusion is supported not only by the fact that the depositions occurred in a different case, but also by the fact that as of April 15, 2005, the date when Judge Black entered his most recent Memorandum Opinion, the City of Albuquerque prevailed in the *Paloni* case.  As a result, Defendants are now free to seek to recover the costs of those depositions in that litigation.[3]  To allow Defendants to recover them here as well would in effect give the City of Albuquerque a double recovery, which would be inequitable.

The depositions that remain are those of Paulette Mashburn, Raymond Schultz, Guy Abbatantuono, Gilbert Gallegos, Todd Parkins, and Steven Tate, all taken in this litigation.  Portions of each of these depositions were attached to the summary judgment briefs of at least one, and sometimes both, of the parties to this case.  The Court finds that each of these deposition transcripts was "reasonably necessary" to this litigation as that term is defined in the Local Rules.  With the

---

[3]The City of Albuquerque is a common defendant in both cases.

exception of that of Raymond Schultz[4], the Court used each of these deposition excerpts in ruling on the motion for summary judgment under Local Rule 54(b)(2)(B).  Even though the Court did not rely on Schultz's deposition in making its ruling, the deposition was still reasonably necessary because Schultz was a named defendant in this action.  Having sued Schultz as an individual defendant in the case and having actually taken his deposition, Plaintiff cannot now argue that his deposition was not reasonably necessary to the litigation.  It would be unfair to deny the Defendants recovery of the cost of the deposition transcript of a party to the case, even if that transcript was not utilized in the summary judgment briefing.

The final item for which Defendants seek to recover is a fee of $19.32 for copying a videotape that they submitted as an exhibit to their motion for summary judgment.  The only provision that might arguably apply to this item is Local Rule 54(e), which provides: "**Copies of Papers**.  The cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original."  The videotape is not a "paper," nor was it requested by the Court.  In addition, because there was no trial in this case, the copy was never admitted into evidence in place of the original.  Simply stated, the cost for copying the videotape does not fit under any applicable provision for the assessment of costs.  Accordingly, Defendant's request for this particular cost will be denied.

In summary, the Court will tax the following costs to be paid by Plaintiff:

---

[4] Only one page of Schultz's deposition transcript was attached to the summary judgment briefing, and the Court found that page to be unhelpful to the issues before it on the motion for summary judgment.

| | | | |
|---|---|---|---|
| Deposition of Paulette Mashburn | (12/19/03) | | $693.39 |
| Deposition of Raymond Schultz | (12/19/03) | | $164.64 |
| Deposition of Guy Abbatantuono | (1/8/04) | | $175.23 |
| Deposition of Gilbert Gallegos | (1/9/04) | | $171.63 |
| Deposition of Todd Parkins | (1/30/04) | | $262.00 |
| Deposition of Steven Tate | (2/18/04) | | $200.62 |
| | | **TOTAL** | **$1,667.51** |

The Court finds this amount to be fair and reasonable in light of governing Tenth Circuit law and in view of all of the surrounding circumstances.

**IT IS THEREFORE ORDERED** that:

(1)     *Plaintiff's Motion for Reconsideration Of Memorandum Opinion And Order And Final Judgment* [Doc. No. 72] is **DENIED**;

(2)     *Defendant's Motion To Tax Costs* [Doc. No. 73] is **GRANTED IN PART**; and

(3)     Plaintiff is ordered to pay costs in the amount of $1,667.51.


_____
UNITED STATES DISTRICT JUDGE

9